UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

№ 06 Civ.323 (RJS)

---

S SDNY
CUMENT
ECTRONICALLY FILED
OC #: _____
DATE FILED: 12/14/09

ALEJANDRO JIMENEZ,

          Petitioner,

VERSUS

UNITED STATES OF AMERICA,

          Respondent.

---

OPINION AND ORDER
December 11, 2009

---

RICHARD J. SULLIVAN, District Judge:

Alejandro Jimenez ("Petitioner") brings this action to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's petition is DENIED.

I. BACKGROUND

On December 28, 1999, Petitioner pled guilty to a one-count Indictment, without a plea agreement. (Resp't's Br., Ex. A.) Count One of the Indictment charged Petitioner with a violation under 21 U.S.C. § 846, relating to a conspiracy to distribute and possess with intent to distribute cocaine. The case was assigned to the late Honorable Allen G. Schwartz, District Judge.

Before accepting Petitioner's guilty plea, Judge Schwartz referred the plea to the Honorable Judge Ronald L. Ellis, Magistrate Judge, who conducted a thorough hearing before recommending that the plea be accepted. (Resp't's Br., Ex. B.) Subsequently, Petitioner signed an agreement with the Government on May 4, 2000, stipulating to a sentencing range under the United States Sentencing Guidelines ("Guidelines"). (Resp't's Br., Ex. C.) In the agreement, Petitioner and the Government stipulated that: (a) Petitioner's base offense

Case 1:98-cr-01405-AGS   Document 89   Filed 12/14/09   Page 2 of 4

level was 36, pursuant to Guidelines § 2D1.1(c)(2), because the defendant conspired to distribute more than 50 kilograms and less than 150 kilograms of cocaine; and (b) since Petitioner's role was that of a leader, manager, or supervisor, the offense level should be increased by two levels, pursuant to Guidelines § 3B1.1(c). (Plea Agreement ("Agr.") at 2.) The parties further agreed that the offense level should be reduced by three levels to a total Offense Level of 35 due to Petitioner's timely notification of his intention to plead guilty and accept responsibility pursuant to Guidelines § 3E1.1(a) and (b)(2). Consequently, the parties agreed that Petitioner's sentencing range would be between 168 and 210 months imprisonment. The agreement further stipulated that Petitioner would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence . . . within or below the Stipulated Guidelines Range" of 168 to 210 months. (Agr. at 3.)

Prior to Petitioner's sentencing, the Probation Office prepared a Presentence Report ("PSR"), dated March 21, 2000, which detailed the investigation resulting in Petitioner's arrest and reviewed the evidence against him. (PSR ¶¶ 9-25.) The PSR differed from the Parties' agreement based on the Probation Office's determination that the offense involved 300 kilograms of cocaine, not the 50 to 150 kilograms described in the agreement. (PSR ¶ 32 and p. 15.) The Probation Office thus concluded that the proper sentencing range was 262 to 327 months' imprisonment. (PSR ¶¶ 67 and p. 15.)

On May 18, 2000, Judge Schwartz formally accepted Petitioner's guilty plea. (*See United States v. Jimenez*, No. 98-01405, Doc. No. 33 (May 18, 2000).) He also conducted a thorough sentencing hearing in which Petitioner's counsel objected to the drug quantity amount provided in the PSR and argued that the appropriate quantity of drugs was between 50 and 150 kilograms, consistent with the amount provided in the agreement. (Sentencing Transcript ("Sent. Tr.") at 17, 23-28.) At the hearing, Judge Schwartz accepted the 50 to 150 kilogram quantity range based on the parties' stipulation in the agreement. Ultimately, the Court sentenced Petitioner to 180 months' imprisonment, consistent with the applicable Guidelines range of 168 to 210 months. (*Id.* at 35-37.) Petitioner did not object to the final determinations made by the Court.

On May 17, 2001, Petitioner filed his first petition under 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel. On February 13, 2002, Judge Schwartz denied Petitioner's petition on the merits without a hearing. On February 15, 2002, Petitioner filed a Notice of Appeal. In response, Judge Schwartz amended his order on February 19, 2002, finding that a certificate of appealability was not appropriate because "petitioner has not made a substantial showing of the denial of a constitutional right." (Resp't's Br., Ex. F at 6.) Petitioner then filed an Amended Notice of Appeal on February 26, 2002. *(See Id.*, Ex. G.) The Second Circuit denied and dismissed Petitioner's appeal because Petitioner "has not made a 'substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2255(c). (*See Id.*, Ex. H.)

On January 17, 2006, Petitioner filed the present Petition *pro se*.

II. DISCUSSION

To prevail on a 28 U.S.C. § 2255 claim, a petitioner must show either that (1) his sentence was imposed in violation of the

Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *See Woodard v. United States*, No. 04 Civ. 9695, 2005 U.S. Dist. LEXIS 26802, at *6 (S.D.N.Y. Nov. 8, 2005) (citing *Johnson v. United States*, 313 F.3d 815, 817 (2d Cir. 2002)); 28 U.S.C. § 2255.

This Court dismissed Petitioner's First 2255 Motion on its merits. (*Id.*, Ex. F.) Therefore, Petitioner's second 2255 petition is considered "second" or "successive" under 28 U.S.C. § 2255(h), which provides that it must be certified by the appropriate Court of Appeals as containing either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see* 28 U.S.C. § 2244(b)(3)(A). *See also Carter v. United States*, 150 F.3d 202, 202 (2d Cir. 1998) (noting that a petition filed after denial of the first petition on the merits is a second or successive petition that must be certified by the Court of Appeals); *Haouari v. United States*, 510 F.3d 350, 352 (2d Cir. 2007) (explaining that the Anti-Terrorism and Effective Death Penalty Act requires an applicant who wishes to file a successive petition to first move the appropriate court of appeals for an order allowing the district court to consider the application).

Because Petitioner's second 2255 petition is considered a second or successive motion, it must be certified by the Second Circuit Court of Appeals and contain allegations of newly discovered evidence or a new rule of constitutional law. Due to the fact that Petitioner has not filed for such an order from the Second Circuit, his second 2255 petition must be dismissed.

Although 28 U.S.C. § 1631 grants this Court discretion to transfer Petitioner's second 2255 petition to the Second Circuit, this Court will not exercise such discretion because the petition does not assert newly discovered evidence that could reduce or vacate Petitioner's sentence and does not invoke a new rule of constitutional law. *See Mallet v. Miller*, 442 F. Supp. 2d 156, 157 (S.D.N.Y. 2006). Moreover, this claim is precluded by the May 2000 agreement, in which Petitioner expressly waived his right to appeal or otherwise challenge any sentence below 210 months. Petitioner received the benefit of his bargain, and as Judge Schwartz previously found regarding Petitioner's first petition, the ineffective assistance of counsel claim failed because there was no reasonable probability that the sentence would be different had his counsel acted differently and was thus meritless.

### III. CONCLUSION

For the foregoing reasons, Petitioner's second 2255 petition is hereby DENIED and DISMISSED. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as Petitioner's claims lack any arguable basis in law or fact, permission to

proceed *in forma pauperis* on appeal is also denied. 28 U.S.C. § 1915(e)(2); *see also In re Seimon*, 421 F.3d 167, 169 (2d Cir. 2005). The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent and to close this case.

SO ORDERED.

*[signature]*

RICHARD J. SULLIVAN
United States District Judge

Dated: December 11, 2009
      New York, New York

\*\*\*

Petitioner is appearing in this matter on a *pro se* basis. Respondent is represented by Marissa Bea Mole, United States Attorney, Department of Justice, One Saint Andrew's Plaza, New York, New York 10007.